**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DUANE A. FINKS, | ) | NO. CV 16-217-JFW(E) |
| Plaintiff, | ) | |
| v. | ) | ORDER DISMISSING COMPLAINT |
| RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, et al., | ) | WITH LEAVE TO AMEND |
| Defendants. | ) | |

For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

Plaintiff, proceeding in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. section 1983 against the Riverside County Sheriff's Department and deputy sheriffs Wilson, Delgado and Oden. Plaintiff sues the individual Defendants in their individual and official capacities.

///

1    Plaintiff alleges he suffers from kidney failure (Complaint, p.
2 5). On November 17, 2015, allegedly while in the custody of the
3 Riverside County Sheriff's Department and hooked up to a dialysis
4 machine, Plaintiff assertedly informed a nurse that Plaintiff wished
5 to end his dialysis treatment (id., pp. 3, 5). Because the nurse
6 allegedly "took too long," Plaintiff assertedly attempted to remove
7 the needles himself (id., p. 5). Defendants Oden and Delgado
8 allegedly burst in and grabbed Plaintiff's free arm (id.). Defendant
9 Delgado allegedly punched Plaintiff in the face several times (id.).
10 When Plaintiff assertedly attempted to defend himself, Defendant Oden
11 allegedly began punching Plaintiff in the face and body (id.).
12 Defendant Wilson reportedly entered and then allegedly twisted
13 Plaintiff's "dialysis arm" so violently that the arm supposedly
14 swelled up to twice its size (id.). Plaintiff alleges that blood was
15 "squirting everywhere" (id.). Defendant Wilson allegedly held
16 Plaintiff's arm in a twisted position until nurses could stop the
17 bleeding (id.). According to Plaintiff, after approximately 40
18 minutes of "painful beatings," Plaintiff allegedly "was then
19 handcuffed by all [Plaintiff's] extremities" and "staked out on my bed
20 in a form of torture" for approximately an hour (id.). Plaintiff
21 allegedly remained in the hospital for another ten days until his arm
22 healed (id.). Plaintiff alleges that Defendants subjected Plaintiff
23 to cruel and unusual punishment and seeks compensatory damages,
24 imposition of "administrative remedies" against the individual
25 Defendants and a "FULL investigation" (id., p. 6).
26 ///
27 ///
28 ///

**DISCUSSION**

The Court must construe Plaintiff's official capacity claims as claims against the County of Riverside. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiff may not sue a municipal entity such as the County of Riverside or the Riverside County Sheriff's Department on a theory of respondeat superior, which is not a theory of liability cognizable under 42 U.S.C. section 1983. See Connick v. Thompson, 563 U.S. 51, 60 (2011); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003). A municipal entity may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). Conclusory allegations do not suffice to plead a municipal liability claim. See Ashcroft v. Iqbal, 556 U.S. at 678 (plaintiff must allege more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"); Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 2101 (2012) ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); see also AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (pleading standards set forth in Starr

v. Baca govern municipal liability claims). The Complaint contains no allegations supporting a municipal liability claim against the Riverside County Sheriff's Department.

Furthermore, Plaintiff may not seek an order requiring the prosecution of any person. "In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." Wayte v. United States, 470 U.S. 598, 607 (1985). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973).

**ORDER**

For the foregoing reasons, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. Although the Court does not necessarily deem insufficient all of Plaintiff's claims, the Court does require that any First Amended Complaint be complete in itself and not refer in any manner to any prior complaint. Failure to file timely a First Amended Complaint may result in the dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552

U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims); <u>Plumeau v. School District #40, County of Yamhill</u>, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: February 17, 2016.

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

PRESENTED this 16th day of February, 2016 by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE